UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

| | |
|---|---|
| TRUSTEES OF THE LABORERS INTERNATIONAL UNION OF NORTH AMERICA LOCAL 235 FRINGE BENEFIT FUNDS and the LABORERS INTERNATIONAL UNION OF NORTH AMERICA LOCAL 235, <br><br>             Plaintiffs, <br><br>   -against- <br><br><br><br>NENNI CONSTRUCTION CO., INC., <br><br><br>             Defendant. | Index # 16-8929 <br><br> **COMPLAINT** |

---

Plaintiffs, Trustees of the Laborers International Union of North America Local 235 Fringe Benefit Funds (hereinafter referred to as the "Funds") and Laborers International Union of North America Local 235 (hereinafter referred to as the "Union") or (collectively referred to as "Plaintiffs") by their attorneys Barnes, Iaccarino & Shepherd, LLP allege as follows:

## JURISDICTION AND VENUE

1. This action is based on the provisions of Section 301 of the Labor Management Relations Act of 1947 (hereinafter referred to as the "Taft-Hartley Act") 29 U.S.C. Section 185, and on Section 502(a)(3) and Section 515 of the Employee Retirement Income Security Act, as amended (hereinafter referred to as "ERISA") (29 U.S.C. Section 1132(a)(3) and 29 U.S.C. 1145).

2. Jurisdiction is conferred upon this Court by Section 301 of the Taft-Hartley Act (29 U.S.C. Section 185) and Sections 502(e)(1) and 502(f) of ERISA (29 U.S.C. Sections 1132(e)(1) and 1132(f)); and derivative jurisdiction is contained in 28 U.S.C. Sections 1331 and 1337.

3. Venue properly lies in this District under the provisions of 502 (e)(2) of ERISA (29 U.S.C. Section 1132(e)(2)) and Section 301 of the Taft-Hartley Act (29 U.S.C. Section 185) and 28 U.S.C. Section 1391(b).

4. This action is brought by the respective Trustees of the Funds in their fiduciary capacities and the Union for injunctive relief, monetary damages and other equitable relief under ERISA and for breach of a labor contract to secure performance by an Employer of specific statutory and contractual obligations to submit the required monetary contributions, dues check-off, and/or reports to the Plaintiffs.

## PARTIES

5. The Plaintiff Trustees are, at all relevant times, the fiduciaries of jointly administered multi-employer, labor management trust funds as defined by Section 3(21)(A) and Section 502(a)(3) of ERISA (29 U.S.C. Sections 1002(21)(A) and 1132(a)(3)). The Funds are established and maintained by the Union and various Employers pursuant to the terms of the Collective Bargaining Agreements and Trust Indentures in accordance with Section 302(c)(5)(1) of the Taft-Hartley Act (29 U.S.C. Section 186 (c)(5)). The Funds are employee benefit plans within the meaning of Sections 3(1), 3(2), 3(3) and 502(d)(1) of ERISA (29 U.S.C. Sections 1002 3(1), 3(2), 3(3) and 1132(d)(1)), and multi-employer plans within the meaning of Sections 3(37) and 515 of ERISA (29 U.S.C. Sections 1002(37) and 1145). Plaintiffs are Trustees of the Funds and the "plan sponsor" within the meaning of Section (3)(16)(B)(iii) of ERISA (29 U.S.C. Section 1002(16)(B)(iii)).

6. The Funds provide fringe benefits to eligible employees, retirees and their dependents on whose behalf the Employer is required to contribute to the Funds pursuant to its Project Agreement, Participation Agreement or Collective Bargaining Agreement (hereinafter referred to as the "Agreement") between the Employer and the Union. The Funds are authorized to collect contributions

from the Employers, and the Plaintiff Trustees as fiduciaries of the Funds are authorized to maintain suit as independent legal entities under Section 502(d)(1) of ERISA (29 U.S.C. Section 1132(d)(1)) and are obligated to bring actions to enforce the provisions of the Agreement and Trust Indentures that concern the protection of employee benefit rights.

7. The Funds' principal office is located and administered at 41 Knollwood Road, Elmsford, New York 10523, in the County of Westchester.

8. Local Union 235 is a labor organization within the meaning of Section 301 of the Taft-Hartley Act (29 U.S.C. Section 185) which represents employees in an industry affecting commerce as defined in Section 501 of the Taft-Hartley Act (29 U.S.C. Section 142), and Section 3(4) of ERISA (29 U.S.C. Section 1002(4)), and as further defined in Section 12 of the General Associations Law of the State of New York.

9. The Plaintiff Union maintains its offices and is administered at 41 Knollwood Road, Elmsford, New York 10523, in the County of Westchester.

10. Upon information and belief, the defendant, Nenni Construction Co., Inc., (hereinafter referred to as "the Employer") at all relevant times, was and is an "employer" within the meaning of Sections 3(5) and 515 of ERISA (29 U.S.C. Sections 1002(5) and 1145) and was and still is an employer in an industry affecting commerce within the meaning of Section 301 of the Taft-Hartley Act (29 U.S.C. Section 185).

11. Upon information and belief, the Employer is a for-profit domestic corporation with its principal place of business at 1538 Route 52, Box B, Fishkill, New York 12524, in the County of Dutchess and with a Secretary of State service address at 7 Hiko Place, Fishkill, New York 12524.

## CAUSES FOR RELIEF
## AS AND FOR A FIRST CLAIM FOR RELIEF

12. The Employer executed an Agreement with the Union and/or was and still is a party to an Agreement with the Union by virtue of membership to an Employer Association.

13. The Agreement and/or Trust Indenture requires the Employer to submit contribution reports setting forth the hours that each of its employees worked and the amount of contributions due pursuant to the rates set forth in the Agreement for all work performed by its employees covered by the Agreement and to remit such monetary contributions in accordance with the Agreement and the rules and regulations established in the Trust Indenture.

14. Upon information and belief, as a result of work performed by the individual employees of the Employer pursuant to the Agreement, there became due and owing to the Funds and Union from the Employer contribution reports, fringe benefit contributions and dues check-off in the minimum sum of $4,124.97 for the period April 19, 2016 through to and including May 23, 2016.

15. These amounts described in paragraph 14 above are due and owing to the Funds and Union and are subject to audit by the Funds and/or Union.

16. The Employer's failure, refusal or neglect to remit the proper contributions, reports and dues check-off to the Plaintiffs constitutes a violation of the Agreement between the Employer and the Union wherein the Funds are third party beneficiaries.

17. As a result of the Employer's delinquency, the Agreement provides that the Employer may be required to pay, in addition to the delinquency, interest at the rate of ten (10%) percent of the delinquency, together with liquidated damages in the amount of twenty (20%) percent of the total delinquency and the reasonable cost of attorneys' fees in the amount of fifteen (15%) percent of the delinquent amount.

18. Accordingly, the Employer is liable to Plaintiffs for contribution reports and fringe benefit contributions and dues check-off in the minimum amount of $4,124.97, plus interest, liquidated damages, court costs and attorneys' fees.

## AS AND FOR A SECOND CLAIM FOR RELIEF

19. Plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs "1" through "18" of this Complaint as if fully set forth at length herein.

20. Section 515 of ERISA, (29 U.S.C. Section 1145) requires employers to pay fringe benefit contributions in accordance with the terms and conditions of the Collective Bargaining Agreements and Trust Indentures.

21. The Employer has failed to pay or timely pay the fringe benefit contributions and/or submit the contribution report to Plaintiffs owed as a result of work performed by individual employees of the Employer. Such failure to make timely payment constitutes a violation of Section 515 of ERISA (29 U.S.C. Section 1145).

22. Section 502 of ERISA (29 U.S.C. Section 1132) provides that upon a finding of an employer violation of Section 515 of ERISA (29 U.S.C. Section 1145) which requires employers to pay fringe benefit contributions in accordance with the terms and conditions of collective bargaining agreements, the Court shall award payment to a plaintiff Fund of the unpaid fringe benefit contributions, plus statutory damages and interest on the unpaid principal amount due both computed at a rate set forth in the United States Internal Revenue Code (26 U.S.C. Section 6621), together with reasonable attorneys' fees and costs and disbursements incurred in the action.

23. The failure to pay has injured the Funds and Union by delaying the investment of contributions and causing unnecessary administrative costs for the Funds and Union and has injured the

participants and beneficiaries and other contributing employers of the benefit plan in the form of lower benefits and higher contribution amounts.

24. Accordingly, the Employer is liable to Plaintiffs under the Agreement and any Trust Indenture concerning the payment of fringe benefit contributions and under Sections 502 and 515 of ERISA (29 U.S.C. Sections 1132 and 1145) due to the failure to pay contributions when they are due.

25. Accordingly, the Employer is liable to the Funds and Union in the minimum principal amount of $4,124.97, plus liquidated damages, interest, reasonable attorneys' fees and court costs incurred in this action pursuant to Section 502 of ERISA (29 U.S.C. Section 1132).

**WHEREFORE**, Plaintiffs respectfully pray for Judgment against Defendant, Nenni Construction Co., Inc., as follows:

(a) In the minimum sum of **$4,124.97** for the period April 19, 2016 through to and including May 23, 2016, plus interest at 10% of the delinquency, liquidated damages calculated at 20% of principal amount due, and reasonable attorney's fees calculated at 15% of the delinquency, in accordance with the Agreement.

(b) For costs and disbursements as mandated by Section 502(g)(D) of ERISA (29 U.S.C. Section 1132(g)(2)(D)) and in accordance with the Collective Bargaining Agreement;

(c) For such other and further relief as to the Court deems appropriate.

Dated: Elmsford, New York
November 17, 2016

Respectfully submitted,

BARNES, IACCARINO & SHEPHERD LLP

Giacchino J. Russo, Esq. (GR8313)
Attorneys for Plaintiffs
258 Saw Mill River Road
Elmsford, New York 10523
(914) 592-1515